IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TOBIE and KENYANA STENSON,
Individually and as Parents and Next Friends
of JASON COOPER, JR., a Minor                                              **PLAINTIFFS**

vs.                                         **CIVIL ACTION NO.** 2:22-cv-00072-HSO-RHWR

KIM'S AUTOMOTIVE, INC. f/k/a CHRIS
POSEY CHEVROLET-NISSAN, INC.;
CHRIS POSEY, INC.;
CHRIS POSEY CHEVROLET-NISSAN,
INC.; NISSAN MOTOR CORPORATION;
NISSAN NORTH AMERICA, INC.;
and, DOES 1-10                                                             **DEFENDANTS**

## NOTICE OF REMOVAL

TO:   Billy G. Rayner
      Jasper County Circuit Clerk
      First Judicial District
      P.O. Box 58
      Paulding, MS 39348

   John L. Davidson                          Tab Turner
   DAVIDSON BOWIE, PLLC                      Turner & Associates, P.A.
   1062 Highland Colony Parkway, Suite 275   4705 Somers Avenue, Suite 100
   Ridgeland, MS 39157                       North Little Rock, AR 72116

   Michael V. Cory, Jr.                      Ryan J. Mitchell
   Christian Medina                          Burnson Entrekin Orr Mitchell
   Danks, Miller & Cory                         & Lacey, PA
   213 S. Lamar Street                       P. O. Box 1289
   P.O. Box 1759                             Laurel, MS 39440
   Jackson, MS 39201

   Matthew M. Williams
   Galloway, Johnson, Tompkins,
      Burr & Smith APLC
   2510 14th Street, Suite 910
   Gulfport, MS  39501

1

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant NISSAN NORTH AMERICA, INC. (the "Removing Defendant"), removes to this Court the state-court action described in paragraph 1, below:

## THE REMOVED CASE

1. The removed case is a civil action initially filed on June 16, 2021, in the First Judicial District of the Circuit Court of Jasper County, Mississippi, having been assigned Case No. 31CI1:21-cv-00039-P1, and styled *Tobie and Kenyana Stenson, Individually and as Parents and Next Friends of Jason Cooper, Jr., a Minor v. Kim's Automotive, Inc. f/k/a Chris Posey, Inc. d/b/a Chris Posey Chevrolet-Nissan, Inc., and Does 1-10*. On May 3, 2022, Plaintiffs filed a Second Amended Complaint first naming the Removing Defendant and Nissan Motor Corporation.

## PAPERS FROM REMOVED CASE

2. As required by 28 U.S.C. §1446(a), attached as Exhibit A is a copy of all process, pleadings and other orders served upon Nissan North America, Inc. A copy of the state court record is attached as Exhibit B.

## THE REMOVAL IS TIMELY

3. This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is being filed within 30 days from the time that Nissan North America, Inc. was served with the Summons and Complaint and within one year of the commencement of this action. Plaintiffs' initial complaint was filed on June 16, 2021, and Nissan North America, Inc. was served with the Second Amended Complaint, first naming Removing Defendant on May 10, 2022. Nissan Motor Corporation has not been served.

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. §1441(a) because the United States District Court for the Southern District of Mississippi, Eastern Division, includes Jasper County, the county in which the state court action is now pending.

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN THE PROPERLY JOINED PARTIES

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. According to the Complaint, Plaintiffs are citizens of Mississippi. *See* Exhibit A, Second Amended Complaint, ¶¶ 1-2.

7. Defendant Nissan North America Inc. is, and at the time the action was commenced, a Delaware corporation with its principal place of business in Franklin, Tennessee. It is not a citizen of Mississippi.

8. Defendant Nissan Motor Corporation is a Japanese corporation with its principal place of business of Japan. It is not a Mississippi citizen, and it has not been served.

9. Mississippi Defendants Kim's Automotive, Inc. f/k/a Chris Posey Chevrolet-Nissan, Inc., Chris Posey, Inc., and Chris Posey Chevrolet-Nissan, Inc. (collectively "Dealership Defendants") are improperly joined and their citizenship must, therefore, be disregarded for the purposes of diversity analysis. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000) ("we have consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant must be disregarded for jurisdictional purpose.").

3

10. Defendants Does 1-10 are fictitious defendants and therefore their citizenship "shall be disregarded" for purposes of determining diversity. *See* 28 USC § 1441(b).

11. Because the Plaintiffs are citizens of the state of Mississippi and the properly joined Defendants are not, complete diversity exists under 28 U.S.C. §1332.

**THE NON-DIVERSE DEFENDANTS HAVE BEEN IMPROPERLY JOINED TO THIS ACTION AND THEIR CITIZENSHIP MUST BE DISREGARDED**

12. This is a product liability action involving a 2008 Nissan Titan (the "Product"). Plaintiffs' Complaint includes claims for strict liability, breach of warranties and negligence against the Defendants based on the same set of facts. *See* Exhibit A, Amended Complaint, ¶¶ 18-90.

13. 28 U.S.C. §1441 provides that removal to the federal district courts on the basis of diversity jurisdiction is proper "if [none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." §1441(b) (emphasis added).

14. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of improperly joined parties.[1] *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282 (5th Cir. 2000); *see also Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Joinder is improper if there is no reasonable basis for predicting liability on the claims alleged. *McClenton v. Cannon Chevrolet, Cadillac, Nissan Inc.*, No. 4:16CV183-SA, 2017 WL 4322432, at *2 (N.D. Miss. Sept. 28, 2017). "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." *Id.* at *1 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). "This possibility, however, must be reasonable, not merely

---

[1] Courts have historically called this the "fraudulent joinder" doctrine. In *Smallwood v. Ill. Cent. R. R., Co.*, however, the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms. 385 F.3d 568, 571 n.1 (5th Cir. 2004) (*en banc*). The Removing Defendant, therefore, uses the Fifth Circuit's preferred terminology in this Notice.

4

theoretical." *Id.* "[R]emoval is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant." *Id.* at *2. "[C]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Id.*

15. Miss. Code Ann. §11-1-63(h) immunizes innocent sellers: "It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." The innocent seller exception applies to all product liability claims, including claims of breach of express and implied warranty, as well as negligence claims. *Murray v. GM, L.L.C.*, 478 F. App'x. 175 (5th Cir. 2012).

16. Multiple Mississippi federal courts have held that, in situations where the seller is a "mere conduit" of a product, the innocent seller exception applies, the innocent seller is improperly joined, and removal is proper (despite the presence of the non-diverse innocent seller). *Murray v. Gen. Motors*, No. 3:10-CV-188-DPJ-FKB, 2011 WL 52559, at *4 (S.D. Miss. Jan. 7, 2011) (holding that a car dealership was an improperly joined innocent seller and denying plaintiff's motion to remand) (affirmed on appeal by *Murray v. GM, L.L.C.*, 478 F. App'x. 175 (5th Cir. 2012)); *Jones v. GMC*, 2007 U.S. Dist. LEXIS 40267 (S.D. Miss. 2007) (holding that a car dealership was an improperly joined innocent seller and denying plaintiff's motion to remand).

17. Here, the Dealership Defendants are innocent sellers, having served as "mere conduits" of the product. Indeed, Plaintiffs make the same product liability and warranty claims against the Dealership Defendants as against the Nissan defendants, based on the same set of facts. Under Mississippi law, Plaintiff has no viable claim against the Dealership Defendants, and it must be concluded that the Dealership Defendants were improperly joined. Despite Plaintiffs attempt to plead negligence against the Dealership Defendants separate

from its negligence claims against the Nissan defendants, Plaintiffs cannot show that the innocent seller exemption set out in Miss. Code Ann. § 11-1-63(h) is inapplicable. There are no viable allegations that the Dealership Defendants exercised substantial control over the allegedly defective rollover protection features, altered or modified the vehicle in a way that caused the injuries, or had actual or constructive knowledge of an allegedly defective condition, as required to overcome the innocent seller exemption *Murray*, 478 F. App'x at 182.

18. Additionally, Plaintiffs took possession of the subject vehicle more than 13 years ago, and any claims against the Dealership Defendants are time barred by both the 3-year statute of limitations for negligence claims against the dealership and the 6-year statute of limitations for breach of warranty.

19. Because of both the innocent seller exception barring the claims against Dealership Defendants and the applicable statutes of limitations barring recovery, there is no reasonable basis for predicting liability on the claims alleged against the Dealership Defendants.

## CONSENT

20. Nissan North America, Inc., the only properly joined and served defendant, consents to this Removal.

21. Nissan Motor Corporation has not yet been served and is not required to join in Removal. 28 U.S.C. § 1446(b)(2)(A); *Pike Cnty., Mississippi v. Aries Bldg. Sys., LLC*, No. 5:17-CV-17-DCB-MTP, 2017 WL 1737722, at *2 (S.D. Miss. May 3, 2017).

22. Consent for removal is not required of improperly joined defendants. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003). Therefore, consent to removal from the

Dealership Defendants is not required. Nonetheless, the Dealership Defendants consent to removal.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

23. Plaintiffs fail to allege a specified amount of damages in their Complaint; however, it is evident on the face of the Complaint that the amount-in-controversy in this Action exceeds $75,000, exclusive of interest and costs.

24. Plaintiff seeks compensatory damages in this lawsuit for the following:

   a. Catastrophic personal injuries; (Exhibit A, Second Amended Compl. ¶ 17)

   b. Permanent damages; (*Id.*)

   c. Future life care; (*Id.*)

   d. And all other elements available under Mississippi law. (*Id.*).

25. In addition, Plaintiff seeks punitive damages in this lawsuit. *See* Exhibit A, Second Amended Complaint, ¶ 91. *Ross v. First Fam. Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) (stating that federal courts sitting in Mississippi have "routinely held that unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. §1332."); *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11CV3KS-MTP, 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011) (stating that "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum.") (citing cases).

26. Accordingly, the allegations of the Complaint plainly satisfy the jurisdictional amount.

27. Thus, the state court action may be removed to this Court by the Removing Defendant in accordance with the provisions of 28 U.S.C. §1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Mississippi, Eastern Division (ii) excluding the improperly joined defendants, this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

28. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice is being served upon all parties or their counsel and filed with the Clerk of the First Judicial District of the Circuit Court of Jasper County, Mississippi.

29. The Removing Defendant serves this notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff herein is notified to attempt to proceed no further in this case in the First Judicial District of the Circuit Court of Jasper County, Mississippi, unless by Order of the United States District Court for the Southern District of Mississippi, Eastern Division.

WHEREFORE, Removing Defendant hereby removes the above-captioned action from the First Judicial District of the Circuit Court of Jasper County, Mississippi, and requests that further proceedings be conducted in this Court as provided by law.

This the 6th day of June, 2022.

Respectfully submitted,

NISSAN NORTH AMERICA, INC.

_____
Caroline K. Ivanov

**OF COUNSEL:**
Mark D. Jicka (MSB No. 8969)
Caroline K. Ivanov (MSB No. 104215)
WATKINS & EAGER PLLC
400 East Capitol Street (39201)
P. O. Box 650
Jackson, MS 39205-0650
Phone: (601) 965-1900
Fax: (601) 965-1901
Email: mjicka@watkinseager.com
Email: civanov@watkinseager.com

                                KIM'S AUTOMOTIVE, INC., CHRIS POSEY,
                                INC. AND CHRIS POSEY
                                CHEVROLET-NISSAN, INC.

                                _/s/ Michael V. Cory, Jr._____
                                Michael V. Cory, Jr.
                                Danks Miller & Cory
                                P. O. Box 1759
                                Jackson, MS 39201
                                Phone: 601-957-3101
                                Fax: 601-957-3160
                                Email: mcory@dmclaw.net

## CERTIFICATE OF SERVICE

I, Caroline K. Ivanov, the undersigned attorney, do hereby certify that I have this day filed the above and foregoing with the Court, using the Court's electronic filing system, and served via email and U.S. Mail, postage prepaid, copies on all counsel of record:

John L. Davidson
DAVIDSON BOWIE, PLLC
1062 Highland Colony Pkwy, Suite 275
Ridgeland, MS 39157

Michael V. Cory, Jr.
Christian Medina
Danks, Miller & Cory
P. O. Box 1759
Jackson, MS 39205

Tab Turner
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116

Ryan J. Mitchell
Burson Entrekin Orr Mitchell
  & Lacey, P.A.
P. O. Box 1289
Laurel, MS 39440

Matthew M. Williams
Galloway, Johnson, Tompkins,
  Burr & Smith APLC
2510 14th Street, Suite 910
Gulfport, MS 39501

I further certify that I have served via U.S. Mail, postage prepaid, to the following:

Billy G. Rayner
Jasper County Circuit Clerk
First District
P.O. Box 58
Paulding, MS 39348

This the 6th day of June, 2022.

_____
Caroline K. Ivanov

10